UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

RICHARD EDWARDS, JR.,

      PLAINTIFF,

VS.                                                  CIVIL ACTION NO.:  3:16-cv-01879


MCELLIOTTS TRUCKING, LLC;
DANNY MCGOWAN, individually and as
an employee of McElliotts Trucking, LLC and/or
as agent of Cardinal Transport;
CARDINAL TRANSPORT, INC.;
HAROLD MIDKIFF, individually as agent driver of McElliotts
Trucking, LLC and/or as agent driver of
Cardinal Transport, Inc.,

      DEFENDANTS.

## <u>COMPLAINT</u>

Plaintiff, Richard Edwards, Jr., by and through his attorneys Richard Weston, Connor Robertson and the Weston Law Office, sues the Defendants, McElliotts Trucking, LLC. ("Defendant McElliotts"), Danny McGowan, individually and as an agent of McElliotts Trucking and/or agent of Cardinal Transport, Inc. ("Defendant McGowan"); Cardinal Transport, Inc. ("Defendant Cardinal"), and Harold Midkiff, individually and as an agent driver/operator of McElliotts Trucking, LLC and/or as agent driver of Cardinal Transport, Inc. ("Defendant Midkiff"), and in support thereof states as follows:

## <u>JURISDICTION AND VENUE</u>

1.     Plaintiff, Richard Edwards, Jr., is a citizen of the State of Kentucky, but was at all times relevant to the action present in Kenova, West Virginia, a city within Wayne County, West Virginia.

2.     At all times material, Defendant McElliotts, was and continues to be a West Virginia Company, authorized to conduct business in West Virginia, with its principal office address at 4463 Camp Creek Road, Huntington, Wayne County, West Virginia and its principal place of operation at 934 23rd Street, Kenova, Wayne County, West Virginia. Danny McGowan is the sole member of McElliotts Trucking, LLC and is a citizen of Wayne County, West Virginia.

3.     Defendant McGowan is a citizen of Wayne County, West Virginia and was at all times relevant to this action working as an employee/agent of Defendant McElliotts and/or as an employee/agent of Defendant Cardinal whom collectively were conducting business and operating a commercial vehicle in Kenova, West Virginia, a City within Wayne County, West Virginia.

4.     At all times material Defendant Cardinal was incorporated in the State of Delaware and authorized to conduct business and conducting business in the state of Illinois, with its principal place of business in Coal City, Illinois, but at all times relevant to this action was present in Kenova, West Virginia, a city within Wayne County, West Virginia.

5.     Defendant Midkiff is a citizen of Mason County, West Virginia, but was at all times relevant to this action working as an employee/agent of Defendant McElliotts and/or as an employee/agent of Defendant Cardinal and was conducting business and operating a commercial vehicle in Kenova, West Virginia, a City within Wayne County, West Virginia.

6.     The incident which gives rise to this action occurred on or about October 3, 2015, in Kenova, Wayne County, West Virginia.

7.     Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332 because plaintiff is a citizen of a different state from all defendants and because the value of the matter in controversy exceeds $75,000.00.

8.     Venue lies in this District pursuant to 28 U.S.C. §1391(e) because a substantial part of the events giving rise to the claim occurred in Wayne County, West Virginia which is located in the Southern District of West Virginia.

## FACTS

9.     Defendant McElliotts owns and operates a trucking company with its principal place of operations at 934 23rd Street, Kenova, West Virginia.

10.     An integral part of Defendant McElliotts' operations is loading and unloading material on to and off of its commercial trucks.

11.     The commercial truck at issue in this litigation is believed to be owned by Defendant McElliotts, but is leased or otherwise put into service by Defendant Cardinal.

12.     The commercial truck at issue in this litigation was operating in interstate commerce.

13.     The commercial truck at issue in this litigation shares both Defendant McElliotts and Defendant Cardinal corporate logo and displays Defendant Cardinal's USDOT number.

14.     Defendant McElliotts and Defendant Cardinal operate the commercial truck to further a shared business operation/joint venture, much of which is carried out in Kenova, West Virginia.

15.     On or about October 3, 2015, Defendant McGowan was loading metal pipe onto a commercial truck with a forklift on Defendant McElliotts' freight yard.

16.     Plaintiff Richard Edwards Jr., was assisting Defendant McGowan in loading the pipe.

17.     During the loading process, Defendant McGowan first secured the forks of the forklift to a strap that wrapped around the pipe while the pipe was lying on the ground.

18.     Defendant McGowan then lifted the pipe from the ground with the forklift, via the strap, and placed the pipe onto the truck.

19.     Once the pipe was placed, Plaintiff would block and secure the pipe on the truck, then release the strap connecting the pipe to the forklift so the process could be repeated.

20.     After loading the majority of the pipe, Defendant McGowan placed the very last piece of pipe onto the truck and Plaintiff began securing the pipe.

21.     Before Plaintiff could disconnect the strap connecting the pipe to the forklift, Defendant McGowan suddenly and unexpectedly backed the forklift up pulling the heavy pipe off the truck which crushed Plaintiff's foot.

22.     Plaintiff's right leg was amputated below the knee as a direct result of this injury.

COUNT I – NEGLIGENCE
(DEFENDANT MCGOWAN)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

23.     Defendant McGowan had a duty to keep Plaintiff safe, to act reasonably, to use due care and caution, to follow applicable OSHA regulations, to follow applicable Federal Motor Carrier Safety Regulations and other applicable safety standards while operating the forklift during the loading operations.

24.     Defendant McGowan breached that duty when he suddenly and unexpectedly backed the forklift up before the strap connecting the pipe to the forklift could be disconnected.

25.     Defendant McGowan breached his duty when he failed to pay proper attention during the loading of the truck, by failing to act with due care to the Plaintiff's safety and by failing to follow proper safety protocols, policies and procedures.

26.     As a direct and proximate cause of the negligence of Defendant McGowan, Plaintiff suffered permanent and life altering physical injuries including the amputation of his lower low leg; pain and suffering in the past and in the future, mental anguish, lost wages and past and future medical expenses and other damages applicable by law.

COUNT II – NEGLIGENCE<br>(DEFENDANT MIDKIFF)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

27.     Based on information and belief, Defendant Midkiff was the driver/operator of the commercial truck being loaded and was overseeing the loading operations.

28.     As the driver/operator of the commercial truck being loaded, Defendant Midkiff had a duty to keep Plaintiff safe, to act reasonably, to use due care and caution, to follow applicable OSHA regulations, to follow applicable Federal Motor Carrier Safety Regulations and other applicable safety standards overseeing the forklift loading operations.

29.     Defendant Midkiff, as the driver/operator of the truck being used by Defendant McGowan, Defendant McElliotts and Defendant Cardinal, has the right and responsibility

to permit and power to prohibit the use of said vehicle by Defendant McGowan, Defendant McElliotts and/or Defendant Cardinal in a negligent manner.

30.    Defendant Midkiff breached that duty by failing to enforce and ensure the commercial truck was being loaded in a reasonably safe manner pursuant to applicable safety standards, safety regulations, OSHA regulation, FMCSR regulation, and any other applicable safety standards.

31.    Defendant Midkiff breached his duty by allowing an untrained pedestrian to assist in the loading operations of his truck.

32.    As a direct and proximate cause of the negligence of Defendant Midkiff, Plaintiff suffered permanent and life altering physical injuries including the amputation of his lower low; pain and suffering in the past and in the future, mental anguish, lost wages and past and future medical expenses and other damages applicable by law.

COUNT III – NEGLIGENCE
(DEFENDANT MCELLIOTTS)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

33.     Defendant McElliotts owed Plaintiff a duty to keep Plaintiff safe, to act reasonably, to use due care and caution, to follow applicable OSHA regulations, to follow applicable Federal Motor Carrier Safety Regulations and other applicable safety standards in the work place.

34.    Defendant McElliotts owed a duty to Plaintiff to ensure that its employees followed applicable OSHA regulations, followed applicable Federal Motor Carrier Safety Regulations and other applicable safety standards in carrying out the tasks of the business.

35.     Defendant McElliotts owed a duty to Plaintiff to use reasonable care, safety and concern when asking him to participate in loading the commercial truck knowing he was untrained and unqualified.

36.     Defendant McElliotts owed a duty to Plaintiff to provide training and knowledge to Plaintiff prior to asking him to assist in the loading of the commercial truck.

37.     Defendant McElliotts breached its duty to Plaintiff by failing to implement, develop, and enforce safety policies to keep the public, plaintiff and its employees safe, by failing to enforce applicable OSHA regulations, to follow applicable Federal Motor Carrier Safety Regulations, and by failing to enforce other applicable safety standards in the work place.

38.     Defendant McElliotts breached its duty by failing to enforce and ensure the commercial truck was being loaded in a reasonably safe manner pursuant to applicable safety standards, safety regulations, OSHA regulation, FMCSR regulation, and any other applicable safety standards.

39.     Defendant McElliotts breached its duty by allowing an untrained pedestrian to assist in the loading operations of his truck.

40.     As a direct and proximate cause of the negligence of Defendant McElliotts, Plaintiff suffered permanent and life altering physical injuries including the amputation of his lower low; pain and suffering in the past and in the future, mental anguish, lost wages and past and future medical expenses and other damages applicable by law.

COUNT IV - FAILURE TO PROVIDE A SAFE WORKPLACE<br>(DEFENDANT MCELLIOTTS)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

41.     At all pertinent times, as the owner of the subject property, Defendant McElliotts has a duty pursuant to West Virginia Code §21-3-1 to provide a reasonably safe workplace to Plaintiff.

42.     Defendant McElliotts failed to provide a reasonable safe workplace to Plaintiff, by failing to use safety devices, failing to use safeguards, failing to follow OSHA standards and regulations and other applicable policies and regulations to prevent injury to the plaintiff.

43.     As a direct and proximate result of Defendant McElliotts failure to provide a reasonably safe work place, Plaintiff suffered permanent and life altering physical injuries including the amputation of his lower low; pain and suffering in the past and in the future, mental anguish, lost wages and past and future medical expenses and other damages applicable by law.

## COUNT V – NEGLIGENT ENTRUSTMENT
## (DEFENDANTS MCELLIOTTS)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

44.     The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of the commercial truck by Defendant McGowan and/or Defendant Midkiff in a negligent and reckless manner, which because inexperience, lack of training, and prior actions Defendant McElliotts knew, or had reason to know, was likely and involved an unreasonable risk of harm to others.

45.     Defendant McElliotts, as the owner of the truck being used by Defendant McGowan and/or Defendant Midkiff, has the right to permit and power to prohibit the use of said vehicle by Defendant McGowan and/or Defendant Midkiff.

46.     Defendant McElliotts knew, or had reason to know, that Defendant McGowan and/or Defendant Midkiff, was likely to use its truck in a negligent and reckless manner.

47.     As a direct result of Defendant McElliotts negligently entrusting the vehicle to Defendant McGowan and/or Defendant Midkiff, who operated, loaded and otherwise used the truck in a negligent and reckless manner, the Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated throughout this Complaint.

COUNT VI– NEGLIGENT HIRING, RETENTION AND TRAINING<br>(DEFENDANTS MCELLIOTTS)

        Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

48.     Defendant McElliotts had a duty to use reasonable care to select an employee(s) who was competent and fit to perform the duties required as an employee.

49.     Defendant McElliotts had a duty to use reasonable care to train and educate its employees regarding workplace safety, the proper use of its commercial vehicles, policies and regulations regarding safety, OSHA, and FMCSA regulations.

50.     Defendant McElliotts had a duty to monitor, evaluate, or otherwise police its employees to ensure the employees were following all applicable safety regulations, reporting requirements, policies, procedures, and were otherwise using reasonable and due care in carrying out their duties.

51.     Defendant McElliotts knew, or should have known, Defendant McGowan and/or Defendant Midkiff would act in a negligent and reckless manner in carrying out McElliotts trucking operations.

52.     Defendant McElliotts knew, or should have known, Defendant McGowan and/or Defendant Midkiff would act in a negligent and reckless manner in the loading operations and use of the commercial vehicle.

53.     Defendant McElliotts knew, or should have known, that Defendant McGowan and/or Defendant Midkiff was not competent or fit for the duties required of him as an employee.

54.     Defendant McElliotts knew that it had failed to provide proper training to Defendant McGowan and/or Defendant Midkiff concerning the loading operations and proper use of the commercial vehicle.

55.     Defendant McElliotts breached its duty to use reasonable care to select, train, and retain an employee that was competent and fit for the position.

56.     As a result of Defendant McElliotts negligence in hiring training and retaining Defendant McGowan and/or Defendant Midkiff, Plaintiff was injured and suffered damages as previously outlined.

COUNT VII – VICARIOUS LIABILITY/AGENCY<br/>(DEFENDANTS MCELLIOTTS)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

57.     The above-described acts of Defendant McGowan and/or Defendant Midkiff were committed while acting as an employee, servant, and or agent of Defendant McElliotts.

58.     The above-described acts of Defendant McGowan and/or Defendant Midkiff were committed within the scope of their employment and/or agency and while furthering the business interests of Defendant McElliotts.

59.     As principals for Defendant McGowan and/of Defendant Midkiff, Defendant McElliotts is vicariously liable for the negligent conduct of Defendant McGowan and/or Defendant Midkiff under the Doctrine of Respondeat Superior and Agency.

COUNT VIII – VICARIOUS LIABILITY/AGENCY
(DEFENDANT CARDINAL)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

60.     Defendant Cardinal is, and was at the relevant time, registered as a motor carrier with the Federal Motor Carrier Safety Administration, No.: MC-142059, operating under the authority of the United States Department of Transportation, US-DOT 152518.

61.     The commercial vehicle being laded at the time of Plaintiff's injury displayed Defendant Cardinal's company logo.

62.     The commercial vehicle being loaded at the time of Plaintiff's injury was operating under Defendant Cardinal's USDOT Number: 152518, which was also displayed on the side of the truck.

63.     The commercial vehicle was a vehicle being used at the time of the injury as it was meant to be used and/or in the complete operations of Defendant Cardinal business or lease agreement.

64.     Defendant McGowan and Defendant McElliots hold themselves out to the public as being an agent of Defendant Cardinal.

65.     The above-described acts of Defendant McGowan, Defendant Midkiff, and Defendant McElliotts were committed while acting as employees, servants, and or agents of Defendant Cardinal.

11

66.     The above-described acts of Defendant McGowan, Defendant Midkiff, and Defendant McElliotts were committed within the scope of their employment and/or agency and while furthering the business interests of Defendant Cardinal.

67.     As principals for Defendant McGowan, Defendant Midkiff, and Defendant McElliotts, Defendant Cardinal is vicariously liable for the negligent conduct of Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts under the Doctrine of Respondeat Superior and/or Agency.

COUNT IX – NEGLIGENT ENTRUSTMENT<br>(DEFENDANT CARDINAL)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

68.     The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of the commercial truck by Defendant McGowan, Defendant Midkiff, Defendant McElliotts in a negligent and reckless manner, which because inexperience, lack of training, and prior actions Defendant Cardinal knew, or had reason to know, was likely and involved an unreasonable risk of harm to others.

69.     Defendant Cardinal, as the owner, leasor, and/or operator of the truck being used by Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts, has the right to permit and power to prohibit the use of said vehicle by Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts in a negligent and reckless manner.

70.     Defendant Cardinal knew, or had reason to know, that Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts were likely to use its truck in a negligent and reckless manner.

71.     As a direct result of Defendant Cardinal negligently entrusting the vehicle to Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts who operated, loaded and otherwise used the truck in a negligent and reckless manner, the Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated throughout this Complaint.

COUNT X – NEGLIGENT HIRING, TRAINING, RETENTION
(DEFENDANT CARDINAL)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

72.     Defendant Cardinal had a duty to use reasonable care to select an employee(s), and/or agent who was competent and fit to perform the duties required as an employee and/or agent.

73.     Defendant Cardinal had a duty to use reasonable care to train and educate its employees and/or agents regarding workplace safety, the proper use of commercial vehicles, policies and regulations regarding safety, OSHA, and FMCSA regulations and loading operations.

74.     Defendant Cardinal had a duty to monitor, evaluate, or otherwise police its employees and/or agents to ensure the employees and/or agents were following all applicable safety regulations, reporting requirements, policies, procedures, and were otherwise using reasonable and due care in carrying out their duties.

75.     Defendant Cardinal knew, or should have known, Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts would act in a negligent and reckless manner in carrying out Cardinals trucking operations.

76.     Defendant Cardinal knew, or should have known, Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts would act in a negligent and reckless manner in the loading operations and use of the commercial vehicle.

77.     Defendant Cardinal knew, or should have known, that Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts was not competent or fit for the duties required of him as an employee and/or agent.

78.     Defendant Cardinal knew that it had failed to provide proper training to Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts concerning the loading operations and proper use of the commercial vehicle.

79.     Defendant Cardinal breached its duty to use reasonable care to select, train, and retain an employee and/or agent that was competent and fit for the position.

80.     As a result of Defendant Cardinals negligence in hiring training and retaining Defendant McGowan, Defendant Midkiff, and or Defendant McElliotts, Plaintiff was injured and suffered damages as previously outlined.

COUNT XI – LEASE/LOGO LIABILITY
(DEFENDANT CARDINAL)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

81.     Defendant Cardinal is, and was at the relevant time, registered as a motor carrier with the Federal Motor Carrier Safety Administration, No.: MC-142059, operating under the authority of the United States Department of Transportation, US-DOT 152518.

82.     The commercial vehicle being loaded at the time of Plaintiff's injury displayed Defendant Cardinal's company logo.

14

83.     The commercial vehicle being loaded at the time of Plaintiff's injury was operating under Defendant Cardinal's USDOT Number: 152518, which was also displayed on the side of the truck.

84.     The commercial vehicle was a vehicle being used at the time of the injury as it was meant to be used and/or in the complete operations of Defendant Cardinal business or lease agreement.

85.     The above-described acts of Defendant McGowan, Defendant Midkiff, and Defendant McElliotts were committed while acting as employees, servants, and or agents of Defendant Cardinal.

86.     The above-described acts of Defendant McGowan, Defendant Midkiff, and Defendant McElliotts were committed within the scope of their employment while furthering the complete operations and business interests of Defendant Cardinal.

87.     As principals for Defendant McGowan, Defendant Midkiff, and Defendant McElliotts, Defendant Cardinal is vicariously liable for the negligent conduct of Defendant McGowan, Defendant Midkiff, and/or Defendant McElliotts under the doctrine of lease or logo liability.

COUNT XII – PUNITIVE DAMAGES<br>(ALL DEFENDANTS)

Plaintiff realleges and incorporates by reference all preceding facts, allegations and inferences and further alleges:

88.     The actions of the Defendants against Plaintiff were reprehensible, willful, and wanton, malicious, and in a blatant and intentional disregard of the rights and duties owed to the Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages.

WHEREFORE, Plaintiff prays this Honorable Court will grant judgment against Defendants in an amount to sufficiently compensate Plaintiff for general and special damages in excess of the jurisdictional amounts of this Court plus interests, costs, attorney fees, and such other further relief as this Court deems just.

## JURY DEMAND

Plaintiff, Richard Edwards, Jr. demands a trial by jury of all issues.


**Richard Edwards, Jr.,**
An Individual,


By Counsel: /s/ Richard W. Weston
Richard W. Weston (WVSB# 9734)
Connor D. Robertson (WVSB #11460)
WESTON LAW OFFICE
337 Fifth Avenue
Huntington, West Virginia 25701
Phone:     (304) 522-4100
Fax:        (304) 250-3000