IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD EDWARDS, JR.,

          Plaintiff,

v.                      CIVIL ACTION NO. 3:16-1879

McELLIOTTS TRUCKING, LLC;
DANNY McGOWAN, individually and as
an employee of McElliotts Trucking, LLC and/or
as agent of Cardinal Transport;
CARDINAL TRANSPORT, INC.;
HAROLD MIDKIFF, individually as agent driver of
McElliotts Trucking, LLC and/or as agent driver of
Cardinal Transport, Inc.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Cardinal Transport's Omnibus Motions *in Limine*, ECF No. 102, and Motion *in Limine* to Exclude Expert Testimony of Brooks Rugermer, ECF No. 101. For the following reasons the Omnibus Motions are **GRANTED** in part and **DENIED** in part.

Cardinal subdivided its Omnibus Motion into fifteen different motions each designated by a letter of the alphabet, starting with the letter "A." The Court will address each lettered motion in turn.

    A. *Motion to preclude reference to the maintenance or brakes on the subject forklift being inadequate or in any way contributing to the accident*

Cardinal believes that Plaintiff Richard Edwards has not produced any evidence to support a theory that the brakes of the forklift used to lift the rod that injured him, and therefore, Edwards should be precluded from introducing an argument based on this theory. In response Edwards

claims that during discovery he requested maintenance records of the forklift from Defendants. Defendant McElliotts Trucking, owner of the forklift, informed Edwards that it had no maintenance logs at the time but would supplement discovery when they were located. McElliotts never provided the logs, if any ever existed. Although the record was never supplemented, Edwards never moved the Court for an order compelling the production of maintenance records. At this stage in the case Edwards has forfeited his right to those materials and shall be precluded from referencing the lack of maintenance records at trial.

Nevertheless, Edwards has produced evidence that the forklift's brakes may not have been operating properly. In his deposition testimony, Edwards testified that when the forklift is in either forward or reverse gear and the brake is depressed, the brakes would release after a short time and the forklift would start moving. Edwards Dep. 79, Pl.'s Resp. to Def.'s Omnibus Mots. *in Limine*, Ex. 2, ECF No. 110-2. The driver would have to reapply the brake to stop the forklift. *Id.* There is no reason why Edwards should be precluded from testifying about his personal knowledge of the condition and workings of the forklift. The testimony is relevant to the cause of his injury. **GRANTED** in part and **DENIED** in part.

B. *Motion to preclude reference to any OSHA regulations*

The Motion requests the Court limit Edward's expert Brooks Rugermer from testifying about the applicability of OSHA regulations to the site of Edwards injury. This motion is in addition to Cardinal's motion to exclude Brooks Rugermer, Edwards' expert on OSHA safety regulations, among other things. Cardinal argues that Rugermer's testimony advances inadmissible legal conclusions about which OSHA regulations apply to the site of the injury and, in the alternative, as a matter of law OSHA regulations do not apply to this case and therefore reference to them should be inadmissible.

Edwards plans to advance a negligence per se theory of liability at trial. Thus, whether a particular OSHA regulation is applicable and was violated by Defendants is of paramount concern to the success of Edwards' case. The Court, however, cannot make a determination on Cardinal's Motion based on the meager briefing before the Court. Neither party adequately treats the subject in their briefing, offering only conclusory statements. Edwards further muddies the waters with references to OSHA regulations not mentioned in Rugermer's expert report and not discussed in the excerpt of the deposition testimony that accompanied Cardinal's motion to exclude Rugermer's testimony.

Accordingly, the Court will **HOLD** this motion in **ABEYANCE**. Edwards shall submit to the Court a supplemental response that recites with particularity every OSHA regulation discussed in Rugermer's expert report or during his deposition testimony and was violated by Defendants. The applicability of the named regulations to the site where Edwards was injured should be supported with specific citations to case law and other legal precedent, including, but not limited to, OSHA guidance documents. Edwards shall tender the supplemental response fourteen days from the date of this order. Defendants shall have seven days to reply. The Court will take up the issue at a Pretrial Motions Hearing scheduled for **October 3, 2017** at **10:00 a.m.**

C. *Motion to preclude any references to free rigging as being a violation of OSHA regulations or as contributing to the accident*

Cardinal contends that Edwards has not produced any evidence that Defendants did not observe OSHA regulations concerning free rigging. Cardinal's motion implicates the same concerns the Court had in the previous motion. It is not clear which OSHA regulations are implicated—Rugermer quoted a guidance document in his expert report and within that quotation a number of regulations were cited, not all of which are obviously applicable. If not already clear

from the Court's treatment of the previous motion, Edwards should include a discussion of OSHA free rigging regulations in his supplemental reply.

Cardinal also argues that all the evidence in the case indicates that the metal rod was resting on the truck when it fell, and therefore, however the forklift was rigged, it was not a cause of Edwards' injury. Discussion of the rigging, therefore, should be inadmissible. Quite the contrary, Edwards testified in his deposition that the rod fell while McGowan was placing it on the trailer. Edwards Dep. 71. When he examined his leg after the rod fell on it, the rod was still hooked to the forklift by the rigging installed by McGowan. *Id.* Cardinal's motion requests the Court resolve a factual dispute properly left to the jury. Evidence of how the forklift was rigged may be introduced as it is relevant to the cause of Edwards' injury. **DENIED**.

D. *Motion to preclude any references to use or non-use of personal protective equipment as causing or contributing to the accident*

Cardinal argues that Edwards has produced no evidence related to the use of personal protective equipment and its possible effect on Edwards' injury. In general, Cardinal and Edwards mean steel-toed boots when they refer to personal protective equipment. Again, Cardinal ignores deposition testimony that supports Edwards' claims. Cardinal's expert James McIntosh under questioning by Plaintiff's counsel conceded that steel-toed boots were a way to mitigate injuries related to falling heavy objects such as large metal rods. McIntosh Dep. 68, Pl.'s Resp., Ex. 7, ECF No. 110-7. McGowan in his own testimony admitted that he was unsure whether Edwards was wearing steel-toed boots. McGowan Dep. 103, Pl.'s Resp., Ex. 1, ECF No. 110-1. Although it is not obvious how Edwards will introduce this evidence, it is admissible. It was discussed by McGowan and Cardinal's expert and is relevant to Defendant's negligence. **DENIED**.

E. *Motion to exclude reference to the general safety record of Cardinal*

**GRANTED** as unopposed.

F. *Motion to exclude inference as to lack of corporate representative at trial*

**GRANTED** as unopposed.

G. *Motion to exclude any references to Cardinal's insurers or the existence of insurance coverage*

**GRANTED** as unopposed.

H. *Motion to exclude references to any non-testifying persons available to both parties as a witness*

**GRANTED** as unopposed.

I. *Motion to preclude Plaintiff from mentioning that Cardinal failed to call a potential witness to testify*

**GRANTED** as unopposed.

J. *Motion to preclude improper arguments as to damages*

**GRANTED** as unopposed.

K. *Motion to limit testimony to opinions disclosed in discovery*

**GRANTED** as unopposed.

L. *Motion to exclude any evidence not produced by Plaintiff during discovery and any claims or arguments based on such evidence*

**GRANTED** as unopposed.

M. *Motion to exclude any references to Cardinal's size, wealth or financial condition*

**GRANTTED** as unopposed.

N. *Motion to exclude any references to or any evidence, testimony or argument concerning any other lawsuits or complaints against Defendant*

**GRANTED** as unopposed.

O. *Motion to exclude evidence regarding remedial measures*

**GRANTED** as unopposed.

The Court **DIRECTS** the Clerk to send a copy of this Order and Notice to counsel of record and any unrepresented parties.

        ENTER:     August 22, 2017

        ROBERT C. CHAMBERS, CHIEF JUDGE