IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD EDWARDS, JR.,

        Plaintiff,

v.                         CIVIL ACTION NO. 3:16-1879

McELLIOTTS TRUCKING, LLC;
DANNY McGOWAN, individually and as
an employee of McElliotts Trucking, LLC and/or
as agent of Cardinal Transport;
CARDINAL TRANSPORT, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is Plaintiff's Motion for Determination as to whether the statutory stay implemented for the benefit of Defendant McElliotts Trucking, LLC (McElliotts) following its filing of a bankruptcy petition (ECF No. 172) will apply to claims asserted against non-debtor defendants Cardinal Transport, Inc. ("Cardinal") and Danny McGowan (ECF No. 171). Cardinal and McGowan each filed a response to Plaintiff's motion (ECF Nos. 173, 174) and Plaintiff subsequently filed a timely reply (ECF No. 175). For reasons specified herein, Plaintiff's motion for hearing is **DENIED**. Additionally, the Court **ORDERS** that all proceedings in this action as against all three remaining defendants be **STAYED** pending resolution of McElliotts' bankruptcy petition.

**I.     Background**

On February 26, 2016, Plaintiff filed the present Complaint against McElliotts, Cardinal, McGowan, and Harold Midkiff (ECF No. 1). The Complaint alleged twelve counts of liability,

including various claims of negligence against each individual defendant, claims for vicarious liability against McElliotts and Cardinal, and punitive damages (ECF No. 1). Plaintiff later argued that his Complaint also alleged a joint venture claim (ECF No. 121). Midkiff was later dismissed as a defendant by stipulation (ECF No. 158). Additionally, Plaintiff's joint venture claim was dismissed pursuant to the Court's ruling on Cardinal's Motion for Summary Judgment (ECF No. 121). All other claims, however, survived dispositive motions and were set to go to trial on Tuesday, October 17, 2017.

After a Final Settlement Conference held on Monday, October 16, 2017, which did not result in settlement, McElliotts filed a voluntary petition for relief in the United States Bankruptcy Court for the Southern District of West Virginia (ECF No. 170). By statute, when a debtor files a petition in Bankruptcy Court, all judicial and other proceedings against him must be stayed pending resolution of the bankruptcy petition. 11 U.S.C. § 362. Accordingly, the Court ordered that the proceedings in this action be stayed as to all parties' claims against McElliotts (ECF No. 172). Though all matters were stayed as against McElliotts, Plaintiff filed the present Motion for Determination as to the status of his claims against non-debtor defendants Cardinal and McGowan (ECF No. 171).

## II. Jurisdiction

As a preliminary matter, the Court notes that it retains subject matter jurisdiction over this case despite the ongoing bankruptcy proceedings related hereto. *Holland v. High Power Energy,* 248 B.R. 53, 56 (S.D.W.Va. 2000) (citing *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977)). Additionally, "while it is correct that the bankruptcy court is the exclusive forum to consider a motion for relief from the automatic stay, the district court retains jurisdiction independent of the bankruptcy court to determine whether a pending civil action is subject to the

automatic stay." *Holland*, 248 B.R. at 56. As such, this Court may properly decide Plaintiff's motion to determine whether the automatic stay applies to the non-debtor defendants in this case.

### III. Analysis

In deciding whether claims asserted against a non-debtor defendant should be stayed pending the resolution of a debtor defendant's bankruptcy proceedings, the Court may consider the question in the context of two different legal mechanisms: (1) the statutory automatic stay prescribed by 11 U.S.C. § 362(a)(1), and (2) the Court's general equitable powers.

#### a. Statutory Stay as to Cardinal – Indemnification

11 U.S.C. § 362(a)(1) requires that, once a debtor files a bankruptcy petition, an automatic stay be placed on any action that was or could have been commenced against him before the filing of the bankruptcy petition. The purpose of the automatic stay is to protect the bankruptcy debtor. *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 998 (4th Cir. 1986). As such, it is "generally said to be available only to the debtor, not third party defendants or co-defendants." *Id*. at 999. Under the terms of this general rule, McElliotts is the only defendant in this case entitled to the protections of the automatic stay since it is the only defendant who has filed for bankruptcy.

There is an exception to this rule, however, for cases that involve "unusual circumstances." *Id*. Such circumstances may be found "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id*. The Fourth Circuit noted in its decision of *Piccinin* that "an illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *Id*.

Though the Fourth Circuit's *Piccinin* decision continues to be the leading authority regarding the "unusual circumstances" exception today, district courts have been unable to achieve any substantial clarity regarding appropriate application of the exception. In 2000, 14 years after *Piccinin*, Judge Copenhaver, sitting in this District, declined to extend the § 362 stay even where the non-debtor defendant requesting an extension of the automatic stay had an indemnification agreement with the debtor defendant. *See Holland*, 248 B.R. at 55. The court noted that the defendants' interests were not "closely intertwined" as required by *Piccinin* simply by virtue of the indemnification agreement and that, because the non-debtor defendant was a potential joint tortfeasor in the action, the automatic stay would not be extended to him. *Id.* at 59.

In 2008, though, Judge Hudson of the Eastern District of Virginia extended the automatic stay to a non-debtor defendant where the non-debtor and debtor defendants had an agreement that "unambiguously state[d]" that the debtor defendant would indemnify the non-debtor defendant. *Dunnam v. Sportsstuff, Inc.*, 2008 WL 200287, at *3 (E.D.Va. Jan. 23, 2008). The court in *Dunnam* noted that, because of the indemnity agreement between the parties, the case appeared to be "exactly like the paradigmatic illustration provided by the Fourth Circuit as guidance in *Piccinin* . . ." *Id.* The court found that, if it declined to extend the automatic stay to the non-debtor defendant, "any finding of liability on the part of [the non-debtor defendant] would pass through to [the debtor defendant]." *Id.* The court went on to say, "In effect, the proceeding against [the non-debtor defendant] would unavoidably become a *de facto* proceeding against [the debtor defendant] and would frustrate the purposes of 11 U.S.C. § 362(a)(1). That is exactly the scenario that *Piccinin*'s holding was designed to avoid." *Id.* Accordingly, the court extended the automatic stay to the non-debtor defendant. *Id.*

Then, in 2009, Judge Copenhaver again declined to extend the stay in a products liability case that again involved indemnification. *Doyle v. Fleetwood Homes of Va., Inc.*, 2009 WL 1210697, at *2 (S.D.W.Va. Apr. 30, 2009). In that case, two non-debtor defendants asked to have the automatic stay extended to them because of their possible right to indemnification from the debtor defendant. *Id*. While the court recognized that the non-debtor defendants "may [have been] entitled to contribution or indemnity from [the debtor defendant]," it found that the situation "[did] not call for expansion of the stay imposed by § 362(a)(1)." *Id*. In reaching its decision, the court noted that the non-debtor defendants had not offered evidence that they would have been entitled to "absolute indemnity" as required by *Piccinin* and, accordingly, that they were not entitled to the benefits of the automatic stay. *Id*.

Although it is difficult to derive a singular rule of law from *Piccinin*'s progeny, the case now before the Court aligns most closely with the facts of *Dunnam*. As to Cardinal, there is an indemnification agreement between debtor McElliotts and non-debtor Cardinal, making the situation unlike the mere possibility of indemnification presented in *Doyle*. *See Doyle*, 2009 WL 1210697, at *2. Additionally, while Plaintiff asserts independent claims against Defendant Cardinal, his claim for vicarious liability against Cardinal is entirely predicated upon a showing of negligence on the part of McElliotts. This makes his case unlike *Holland*, where the non-debtor defendant was independently and primarily liable for claims asserted against him, and the court accordingly found that his liability was not derivative the liability of the debtor defendant. *See Holland*, 248 B.R. at 58.

In *Dunnam*, on the other hand, a central issue of the case was whether the debtor defendant had been negligent in its design and manufacturing of a consumer good. *Dunnam*, 2008 WL 200287, at *3. There was also a valid and relevant indemnification agreement between the debtor

and the non-debtor defendants. *Id*. The court in that case found that allowing the plaintiff to proceed against the non-debtor defendant would have necessarily involved a determination as to whether the debtor defendant had been negligent. *Id*. The court also found that any judgment awarded against the non-debtor defendant would have entitled it to file a claim for indemnification against the debtor defendant. *Id*. In effect, the court found, allowing the plaintiff to continue against the non-debtor defendant in the debtor defendant's absence would have "unavoidably become a *de facto* proceeding against [the debtor defendant] and would [have] frustrate[d] the purposes of 11 U.S.C. § 362(a)(1)." *Id*.

In this case, the claim of vicarious liability as against Defendant Cardinal is inherently dependent upon a determination as to whether McGowan and/or McElliotts was negligent. Additionally, there is an indemnification agreement between the debtor and non-debtor defendants. As this case's circumstances align most closely with those in the *Dunnam* case, the Court **FINDS** that Cardinal is entitled to the protection of the automatic stay prescribed in 11 U.S.C. § 362(a)(1) for the claim of vicarious liability asserted against it. Accordingly, Plaintiff's claim for vicarious liability as against Cardinal is **STAYED** pending resolution of McElliotts' bankruptcy proceedings.

b. **Statutory Stay as to Cardinal – Derivative Liability**

As briefly discussed above, the *Holland* court noted that the automatic stay should not be extended to non-debtor defendants who may be found to be independently and primarily liable to a plaintiff. 248 B.R. at 58. The court expanded upon the definition of the "unusual circumstances" doctrine by explaining that when a non-debtor's liability is "derivative of" the liability of a debtor defendant, such a situation would fit comfortably within the bounds of "unusual circumstances." *Id*.

Plaintiff's claims of negligent hiring and negligent entrustment against Cardinal are different from his vicarious liability claim against Cardinal because of the possible applicability of the indemnification agreement. They are similar, however, in the respect that any finding of liability on Cardinal's part on these claims requires an underlying finding of negligence on the part of McElliotts. *See Payne v. Kinder*, 127 S.E.2d 726, 738 (W. Va. 1962). To succeed in his claim for negligent entrustment against Cardinal, Plaintiff will be required to prove both that Cardinal was negligent in entrusting the equipment at issue to McElliotts and/or McGowan, and that McElliotts and/or McGowan was negligent in using the equipment. Similarly, to prove his claim for negligent hiring, Plaintiff will need to show some misconduct or negligence on the part of McElliotts and/or McGowan in addition to proving Cardinal's negligence.

Both Plaintiff's negligent entrustment and negligent hiring claims rest on an underlying determination of whether McElliotts was negligent. As such, these claims against Cardinal are both derivative of the liability of debtor defendant McElliotts. Given the *Holland* court's rule, the claims are therefore within the scope of the "unusual circumstances" exception and entitled to the protections of the automatic stay. Accordingly, Plaintiff's remaining claims asserted against Cardinal are **STAYED** pending resolution of McElliotts' bankruptcy petition.

### c. Statutory Stay as to McGowan – *Piccinin* Exception

As to McGowan, the case before the Court closely mirrors, albeit on a smaller scale, the facts of *Piccinin*. In *Piccinin*, over 5,000 suits were brought against manufacturer A.H. Robins Co., Inc. regarding their manufacturing and marketing of the Dalkon Shield. 788 F.2d at 995. When Robins filed for bankruptcy, staying the pending actions against it, plaintiffs in many of those actions sought to proceed with their cases as against top Robins executives in the executives' individual capacities. *Id.* at 996. The Fourth Circuit ultimately found that there was such identity

between Robins and its top executives that "a judgment against the [executives] [would have been] in effect a judgment or finding against the debtor." *Id*. at 999. Accordingly, the court ordered the claims against Robins' executives to be stayed pending resolution of Robins' bankruptcy proceedings.

In this case, Danny McGowan is the sole owner and operator of McElliotts. Just as was the case in *Piccinin*, allowing Plaintiff's claims against McGowan to proceed would in effect be allowing his claims against McElliotts to proceed. This would frustrate the purposes of the automatic stay's protections. Accordingly, the Court **FINDS** that Defendant McGowan is entitled to the protections of the automatic stay provisions. All claims against Defendant McGowan are therefore **STAYED** pending resolution of McElliotts' bankruptcy proceedings.

### d. General Equitable Powers

Under their general powers of equity, courts have the inherent power to grant relief to non-debtor defendants in the form of staying claims against them even when those non-debtor defendants are not entitled to the protections of the automatic stay. *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). While the Court **FINDS** that all remaining claims against both non-debtor defendants are entitled to the protections of the statutory automatic stay, the Court also **FINDS** that considerations of justice and equity weigh in favor of the stay.

### IV. Jurisdiction of the Bankruptcy Court

As a final matter, the Court notes that the United States Bankruptcy Court for the Southern District of West Virginia retains jurisdiction over McElliotts' bankruptcy proceedings. Pursuant to 11 U.S.C. §105(a), the Bankruptcy Court has the power to expand or narrow the scope of the automatic stay if it finds that doing so is "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." While this Court finds that it is appropriate to extend the stay to cover all

claims brought against all defendants in this case at this time, Plaintiff may still properly seek relief from the stay in Bankruptcy Court.

### V. Conclusion

For the reasons specified above, Plaintiff's motion for hearing is **DENIED**. The Court **ORDERS** that all proceedings in this matter as against all defendants be **STAYED** pending the resolution of McElliotts' bankruptcy petition. Pursuant to the stay, the Court **ORDERS** McElliotts to provide the Court with status reports regarding its ongoing bankruptcy proceedings by May 1 and November 1 of each year until its bankruptcy is resolved. The Court further **ORDERS** McElliotts to file notice with the Court when its bankruptcy proceedings are resolved, at which time this case will proceed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 17, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE