# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

RICHARD EDWARDS, JR.,

                Plaintiff,

v.                                            CIVIL ACTION NO. 3:16-1879

McELLIOTTS TRUCKING, LLC;
DANNY McGOWAN, individually and as
an employee of McElliotts Trucking, LLC and/or
as agent of Cardinal Transport;
CARDINAL TRANSPORT, INC.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

On Thursday, July 19, 2018, the Court held a Pretrial Conference in this matter at which it heard argument regarding several pending motions. For reasons specified by the Court at that hearing and as further set forth herein, the pending motions are resolved as follows: Defendant Cardinal Transport, Inc. ("Cardinal")'s Application for Entry of Default (ECF No. 148) is **DENIED**; Defendant McElliotts Trucking, LLC and Danny McGowan (together, "the McElliotts Defendants")'s Motion for Leave to Answer (ECF No. 150) is **GRANTED**; Plaintiff's Motion to Exclude Reference Regarding Plaintiff's Past Drug Problem (ECF No. 149) is **GRANTED**; Cardinal's Motion to Exclude Evidence Regarding Compliance with Federal Law (ECF No. 183) is **HELD IN ABEYANCE**; and Plaintiff's Motion to Reconsider (ECF No. 188) is **DENIED**.

    **I.**     **Cardinal's Application for Entry of Default (ECF No. 148)**

Plaintiff filed the present action against Cardinal and the McElliotts Defendants on February 26, 2016. ECF No. 1. On March 29, 2016, Cardinal filed a timely response and a

crossclaim against the McElliotts Defendants. ECF No. 12. At the time Cardinal filed its crossclaim, the McElliotts Defendants were represented by Michael Paesani. Mr. Paesani at no point filed an answer to Cardinal's crossclaim on behalf of the McElliotts Defendants.

As the case proceeded through the discovery and dispositive motions phases of litigation, Mr. Paesani fell ill and became unable to adequately continue his representation of the McElliotts Defendants. ECF No. 106. As such, the Court ordered Mr. Paesani to find replacement counsel for his clients. ECF No. 120. It was not until August 11, 2017 that the McElliotts Defendants' present counsel, Mr. Charles Bellomy, filed a notice of appearance in this case. ECF No. 125.

To date, the McElliotts Defendants have not answered Cardinal's crossclaim. As such, Cardinal asks this Court to issue an entry of default against the McElliotts Defendants as to Cardinal's crossclaim. ECF No. 148. The McElliotts Defendants admit that they have not answered Cardinal's crossclaim but ask the Court for leave to file such an answer at this time. ECF No. 150.

"A party must serve an answer to a . . . crossclaim within 21 days after being served with the pleading that states the . . . crossclaim." Fed. R. Civ. P. 12(a)(1)(B). Failure to do so will result in the entry of default against the silent party. Fed. R. Civ. P. 55(a). As a general matter, however, the Fourth Circuit has "repeatedly expressed a strong preference that . . . defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

If the Court did grant Cardinal's request and directed the clerk to enter default against the McElliotts Defendants, that entry of default would then be subject to a Rule 55(c) Motion to Set Aside a Default. In considering whether to set aside an entry of default, the Court would look to "whether the [defaulting] party ha[d] a meritorious defense, whether it act[ed] with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether

there [was] a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–205 (4th Cir. 2006).

In this case, the majority of these factors would weigh heavily in favor of setting aside an entry of default. The Court especially notes that the McElliotts Defendants' failure to answer Cardinal's crossclaim was in fact a failure by their counsel at the time, who suffered health problems severe enough that the McElliotts Defendants were forced to seek new legal representation at a critical stage in this litigation. The defendants were not personally responsible for this failure. Additionally, there is no history of dilatory action on the part of the McElliotts Defendants outside their failure to answer Cardinal's crossclaim, especially not since they obtained healthy and participative legal counsel. Their participation in the case outside of the issue of their answer to Cardinal's crossclaim has been timely and meaningful. For these reasons, the Court would grant a motion to set aside the entry of default if one was entered against the McElliotts Defendants.

Given these findings, the Court concludes that it would be against the interests of judicial efficiency and economy to now enter an order of default only to later vacate the entry pursuant to Rule 55(c). Therefore, the Court **DENIES** Cardinal's Application for Entry of Default. In order to offset any prejudice Cardinal may suffer as a result of this ruling, the Court also **GRANTS** Cardinal leave to file an amended crossclaim if it wishes to do so. If Cardinal believes that an amendment to its crossclaim is appropriate, Cardinal is **DIRECTED** to file the amended crossclaim no later than July 27, 2018.

II. **McElliotts Defendants' Motion for Leave to Answer (ECF No. 150)**

Though the McElliotts Defendants have not yet answered Cardinal's crossclaim, they have filed a Motion for Leave to Answer. Pursuant to Rule 6(b), the Court may extend the time for a

party to answer a crossclaim "for good cause." Fed. R. Civ. P. 6(b)(1). The Court reiterates its previous finding that the McElliotts Defendants' delay was due in large part to the health issues of their counsel at the time their answer was due. As such, the Court finds that there is good cause to extend the period in which the McElliotts Defendants may respond to Cardinal's crossclaim. Their motion is therefore **GRANTED**. The McElliotts Defendants are **DIRECTED** to file an answer to Cardinal's crossclaim or, if filed by July 27, 2018, to Cardinal's amended crossclaim no later than August 3, 2018.

### III. Plaintiff's Motion to Exclude Reference Regarding Plaintiff's Past Drug Problem (ECF No. 149)

Also pending before the Court is Plaintiff's Motion to Exclude Reference Regarding Plaintiff's Past Drug Problem. As the Court noted during the hearing, there are three categories of evidence Plaintiff wishes to exclude: evidence of Plaintiff's past drug problem (2006 and earlier), evidence of Plaintiff's alleged drug use on the date of the accident, and evidence of Plaintiff's drug use immediately following the accident. Cardinal argued at the hearing that it wishes to introduce all three categories of evidence to show that Plaintiff suffers from an ongoing drug addiction that is relevant to the jury's calculations of Plaintiff's damages as they relate to his vocational prospects. Cardinal argued that it also wishes to use the evidence to implicate defects in Plaintiff's credibility because Plaintiff testified during his deposition that he had not used drugs on the date of the accident. While Cardinal asserted that it does not intend to use the evidence of drug use to prove that Plaintiff was in any way impaired at the time of the accident, the McElliotts Defendants represented that they did intend to use that evidence as proof of impairment and possible contributory negligence.

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." As a preliminary matter, the Court notes that the relevance of the first category of evidence is questionable at best. Cardinal wishes to use evidence from 2006 to prove that Plaintiff suffered from a drug addiction on and around the date of the accident, but the accident occurred nearly ten years after the evidence of Plaintiff's alleged drug addiction came to be. Given the gap in time between the evidence and the accident, the Court finds that to whatever extent that evidence is relevant – if at all – its probative value is heavily outweighed by its prejudicial effect.

The second category of evidence consists of lab results from tests that were conducted on the date of the accident. The parties spent a great deal of time at the hearing making arguments to the Court as to how best to interpret these medical records. The parties disagreed as to the times urine and blood samples were taken and tested on the date of the accident and further disagreed as to the implications of the subsequent test results. At the hearing, the Court noted the significance of these disagreements between the parties – though all counsel were looking at the same documents and the same medical records, they could not reach an agreement as to what those documents communicated. Further, the Court noted that no party had developed this evidence during discovery. Cardinal and the McElliotts Defendants admitted that they had failed to obtain and/or question a witness or medical health professional who would be able to helpfully and reliably interpret the relevant documents and health records at trial.

The Court found at the hearing that it is far too late at this point for any of the defendants to now seek medical experts and witnesses who would be able to testify as to the results from Plaintiff's blood and urine tests on the day of the accident. The Court noted that these test results

have been a part of the record since the beginning of discovery in this case, and that the parties' collective failure to develop that evidence during discovery precludes them from doing so now with trial only a few weeks away. The Court pointed to the dissension among counsel as evidence of the confusing and misleading nature of this evidence in the absence of a helpful witness or expert to clarify its implications. The Court therefore found that this evidence's probative value is heavily outweighed by the dangers of prejudice to Plaintiff and confusion to the jury.

Finally, the Court found that the evidence of Plaintiff's use of prescription pain pills in the months following his accident is not relevant to Cardinal's claims that Plaintiff suffers from an ongoing drug addiction that implicates his vocational prospects or life care plan. In the weeks following the accident, Plaintiff was prescribed prescription painkillers for a legitimate medical purpose. His use of the medication to control his pain resulting from the accident is not probative of an alleged underlying drug abuse problem. To whatever extent that it could be probative, the Court finds that any such value would be heavily outweighed by the danger of prejudice to Plaintiff.

In summary, the evidence of Plaintiff's drug use is irrelevant, prejudicial, and confusing in the absence of helpful interpretation, and it is too late for the parties to offer such helpful interpretation at this late stage of the litigation. Accordingly, Plaintiff's motion to exclude this evidence is **GRANTED**.

**IV.    Cardinal's Motion to Exclude Evidence Regarding Compliance with Federal Law (ECF No. 183)**

Cardinal has also filed a Motion requesting that the Court preclude Plaintiff from introducing into evidence or making reference to Cardinal's compliance with relevant laws and regulations. For reasons set forth during the hearing held on July 19, 2018, the Court **HOLDS IN**

**ABEYANCE** this Motion and **GRANTS** all parties leave to file any supplemental or amended briefing or exhibits on the issue. Any such filings must be received no later than July 27, 2018. Should any party wish to respond to another party's supplemental or amended briefing on this issue, such response must be filed no later than August 3, 2018.

### V. Plaintiff's Motion to Reconsider (ECF No. 188)

Finally, on July 17, 2018, Plaintiff filed a Motion to Reconsider in which he asks the Court to reconsider its ruling regarding the applicability and admissibility of OSHA regulations. The earlier ruling was made by a written order (ECF No. 161) that was entered on October 13, 2017, more than nine months before Plaintiff filed the present Motion. As explained during the hearing, the Court finds that reconsideration of its earlier ruling would be highly prejudicial to all defendants in this case. The Court noted that it considered the issue thoroughly before making its findings and issuing its ruling in October 2017, and that it is too late now for reconsideration of such a significant issue underlying this case. Accordingly, Plaintiff's Motion is **DENIED as untimely**.

### VI. Miscellaneous Other Matters

During the hearing on July 19, the Court addressed several matters that are unrelated to the pending motions discussed herein. For purposes of clarity of the record, the Court reiterates is findings and rulings regarding those matters below.

#### a. Status of Bankruptcy

The parties have represented to the Court that the bankruptcy issues involved in this case have been dismissed by the Bankruptcy Court in their entirety. Accordingly, the Court expects all parties to refrain from mention or discussion of the prior bankruptcy proceedings for purposes of this trial.

### b. McElliotts Defendants' Liability Insurance

At the hearing, the Court asked the parties to identify to what extent, if any, they planned on introducing evidence regarding the McElliotts Defendants' liability insurance (or lack thereof). Plaintiff asserted that he plans to introduce evidence that the contract(s) between Cardinal and the McElliotts Defendants included a requirement that the McElliotts Defendants obtain liability insurance, but noted that he had no intention of going so far as to inquire as to whether the McElliotts Defendants ever did obtain that insurance. Plaintiff wishes to use this evidence to bolster his argument that Cardinal exercised control over the McElliotts Defendants. Cardinal objected to this use, noting that the contractual term was included only as required by federal law. Cardinal noted, however, that the McElliotts Defendants' failure to procure liability insurance could become relevant in the context of Cardinal's crossclaim against the McElliotts Defendants. The McElliotts Defendants did not object to Plaintiff's proposed use of the evidence but objected to Cardinal's intention to inquire as to whether the McElliotts Defendants did in fact procure insurance as contractually required.

Because there are conflicting intentions and objections among the parties on this matter, the Court **ORDERS** the parties to confer as to the admissibility and the extent of the admissibility of evidence as it relates to the McElliotts Defendants' obligation – and subsequent failure – to procure liability insurance. If the parties are unable to come to an agreement regarding admissibility, the Court will hear argument on this issue at the Final Settlement Conference scheduled on August 6, 2018, at 9:30 a.m.

### c. Plaintiff's Punitive Damages Claims

The Court also heard argument on the issue of Plaintiff's punitive damages claims during the hearing. Cardinal asked the Court to preclude Plaintiff from making reference to his punitive

damages claims during opening argument and asked that a jury instruction as to punitive damages only be issued at the close of trial in the event that the evidence supported a finding of such damages. Plaintiff contested any such preclusion and asked that he be permitted to include discussion of punitive damages in his opening statement.

After all parties presented their arguments, the Court ruled that Plaintiff will not be prohibited from making arguments or eliciting evidence as they relate to the conduct underlying a possible finding of punitive damages. The Court also ruled, however, that no party will be permitted to introduce evidence as it relates to the amount of punitive damages that may be appropriate. The Court instructed the parties that, if it is appropriate after the close of trial, the Court will provide the jury with a verdict form directing the jury to decide whether the facts as the jury finds them constitute a finding of liability for punitive damages. If the jury decides at that time that Plaintiff is entitled to punitive damages, the Court will proceed with another trial on the issue of the amount of punitive damages to which Plaintiff is entitled. Only at that point will the Court allow any party to introduce evidence of the financial state of the defendants against whom punitive damages are sought.

### d. Role of Canal Insurance

Additionally, the Court confirmed on the record that Canal Insurance Company is not a party to this action and, accordingly, need not send a representative to further court proceedings including the Final Settlement Conference.

### e. Final Settlement Conference

Finally, the Court **ORDERED** that all parties to this litigation be prepared to participate meaningfully in the Final Settlement Conference scheduled for August 6, 2018 at 9:30 a.m. The Court ordered that each party send to the conference a representative with full settlement authority.

## VII. Conclusion

For the reasons set forth at the hearing on July 19, 2018, and specified herein, Cardinal's Application for Entry of Default (ECF No. 148) is **DENIED**; the McElliotts Defendants' Motion for Leave to Answer (ECF No. 150) is **GRANTED**; Plaintiff's Motion to Exclude Reference Regarding Plaintiff's Past Drug Problem (ECF No. 149) is **GRANTED**; Cardinal's Motion to Exclude Evidence Regarding Compliance with Federal Law (ECF No. 183) is **HELD IN ABEYANCE**; and Plaintiff's Motion to Reconsider (ECF No. 188) is **DENIED**. Additionally, Cardinal is **GRANTED** leave to amend its crossclaim against the McElliotts Defendants should it wish to do so. Cardinal is **DIRECTED** to file any such amended crossclaim by July 27, 2018. The McElliotts Defendants are **ORDERED** to respond, either to the original crossclaim if no amendment is filed or to Cardinal's amended crossclaim, by August 3, 2018.

Additionally, all parties are **GRANTED** leave to file supplemental or amended briefings or exhibits regarding the issues presented in Cardinal's Motion to Exclude Evidence Regarding Compliance with Federal Law (ECF No. 183). All parties are **DIRECTED** to file any supplemental or amended briefings by July 27, 2018. Should any party wish to respond or reply to another party's filings on the matter, those responses and replies are due no later than August 3, 2018.

Finally, the parties are **ORDERED** to confer on the matter of the admissibility and the extent of admissibility regarding the matter of the McElliotts Defendants' obligation and subsequent failure to obtain liability insurance. In the event the parties are unable to agree, the Court will hear argument on this issue at the Final Settlement Conference. Each party is additionally **ORDERED** to send to the Final Settlement Conference a representative with full settlement authority whom is prepared to participate meaningfully in settlement negotiations.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:     July 20, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE