IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD EDWARDS, JR.,

        Plaintiff,

v.                          CIVIL ACTION NO. 3:16-1879

McELLIOTTS TRUCKING, LLC;
DANNY McGOWAN, individually and as
an employee of McElliotts Trucking, LLC and/or
as agent of Cardinal Transport;
CARDINAL TRANSPORT, INC.,

        Defendants.

**ORDER**

Now pending before the Court are Defendant Cardinal Transport, Inc. ("Cardinal")'s Motion to Exclude, ECF No. 183, and Defendant McElliotts Trucking, LLC, and Danny McGowan (collectively, "McElliotts Defendants")'s Motion to Bifurcate the Cross-Claims of Cardinal, ECF No. 202.

The Court held a Final Settlement Conference in this matter on August 6, 2018, at 9:30 a.m. At that time, the Court heard argument on both pending written motions. The Court **DENIED** Cardinal's Motion to Exclude, ECF No. 183. The Court noted that evidence of compliance with relevant federal regulations must be admissible because this evidence forms the basis of the rebuttable presumption that the Court has previously found to be applicable in this case. The Court noted that many of Cardinal's arguments for preclusion speak more appropriately to the issue of scope of employment. The Court therefore found that there remained a genuine dispute of material

fact as to the issue of scope of employment and that it should therefore be sent to a jury for resolution.

Next, the Court heard argument on the issue of bifurcation. The McElliotts Defendants requested that the Court bifurcate Cardinal's cross-claims asserted against the McElliotts Defendants. The McElliotts Defendants argued that Cardinal's contractual claims against the McElliotts Defendants were first pled in Cardinal's Amended Cross-Claim, ECF No. 197, filed on July 27, 2018. The McElliotts Defendants argued that, because this claim was only recently filed, they should be afforded the opportunity to conduct discovery on the issue of contractual liability before the issue is taken to a jury.

Cardinal asked the Court to deny the McElliotts Defendants' Motion. Cardinal first argued that the McElliotts Defendants cannot be heard to claim surprise regarding Cardinal's cross-claim against them. While Cardinal conceded that it had not previously asserted its contractually-based cross-claim before it filed its Amended Cross-Claim, it argued that it had communicated the claims to the McElliotts Defendants at the outset of this case by way of letters and that the McElliotts Defendants were therefore on sufficient notice of the cross-claim.

Cardinal further argued that it would be prejudiced in the event of bifurcation. Cardinal argued that bifurcation would require two different juries to make findings of fact regarding the same set of facts and that, therefore, any bifurcation of the issues would risk inconsistent verdicts. Cardinal further asserted that, for the same reasons, denying the motion to bifurcate would also best serve interests of judicial economy.

After considering all parties' arguments, the Court **GRANTED** the McElliotts Defendants' Motion to Bifurcate. The Court noted that Cardinal's contractual indemnity claim against the McElliotts Defendants is new and that the parties should be afforded time for discovery and

briefing on the issue before presenting it to a jury at trial. The Court further found that, without bifurcation, the issues of Cardinal's contractual indemnity claims against the McElliotts Defendants would be highly confusing to the jury. Accordingly, the Court **ORDERS** that the jury trial in this matter beginning August 7, 2018, will be restricted to the issue of Plaintiff's claims against Cardinal. The Court **ORDERS** that Cardinal's cross-claims against the McElliotts Defendants are **BIFURCATED** and will proceed separately.

Additionally, Cardinal made two oral motions at the hearing. First, Cardinal asked the Court to exclude any reference to insurance obligations created by the relevant contracts in this case. The Court **GRANTED** this Motion. Plaintiff will be precluded from introducing any evidence that the contracts between Cardinal and the McElliotts Defendants included a requirement that the McElliotts Defendants obtain any kind of insurance coverage. Any exhibits that Plaintiff wishes to introduce that includes information of this nature must have any reference to insurance obligations redacted before that evidence may be admitted at trial. The Court further **DIRECTS** Plaintiff to inform the witnesses he intends to call at trial of this ruling and to avoid eliciting testimony regarding insurance obligations.

Cardinal next asked the Court to preclude Plaintiff from introducing medical bills into evidence, citing Plaintiff's alleged alterations to the medical bills proposed to be introduced into evidence as grounds for preclusion. Plaintiff argued that the only alterations that have been made to the medical bills that Plaintiff seeks to introduce were made pursuant to the collateral source rule. Specifically, Plaintiff has redacted insurance information – including applicable coverage and amounts paid by insurance – from the medical bills that he seeks to introduce into evidence. The Court **DENIED** Cardinal's oral motion, ruling that Plaintiff is properly within his rights pursuant to the collateral source rule to redact from the proposed exhibits any information regarding

insurance coverage or amounts actually paid by insurance. The Court welcomes the parties to submit a stipulation of medical charges billed to Plaintiff in the event that the parties are able to reach an agreement as to the relevant amount.

As a final matter, the Court notes that the parties have informed the Court that Plaintiff and the McElliotts Defendants have executed a settlement agreement as to Plaintiff's claims against the McElliotts Defendants. Accordingly, the Court **ORDERS** that Plaintiff's claims against the McElliotts Defendants are **DISMISSED as moot** at this time. The trial beginning on August 7, 2018 will address Plaintiff's claims against Cardinal, and Cardinal's claims against the McElliotts Defendants will proceed separately.

In conclusion, Cardinal's Motion to Exclude, ECF No. 183, is **DENIED**, and the McElliotts Defendants' Motion to Bifurcate the Cross-Claims of Cardinal, ECF No. 202, is **GRANTED**. The Court **ORDERS** that Plaintiff's claims against the McElliotts Defendants be **STAYED** pending consummation of their settlement.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: August 7, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE