IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**RICHARD EDWARDS, JR.,**

        **Plaintiff,**

v.                                                 CASE NO. 3:16-cv-01879
                                                           Judge Robert C. Chambers

**McELLIOTTS TRUCKING, LLC;**
**DANNY McGOWAN, individually and as**
an employee of McElliotts Trucking, LLC and/or
as agent of Cardinal Transport;
**CARDINAL TRANSPORT, INC.,**

        **Defendants.**

**CARDINAL TRANSPORT, INC.'S ALTERNATIVE MOTION FOR CERTIFICATION OF**
<u>**JUDGMENT AS FINAL AND APPEALABLE**</u>

      Comes now Defendant, Cardinal Transport, Inc. ("Cardinal"), by counsel, and moves this Court pursuant to Federal Rule of Civil Procedure 54(b) for certification allowing an appeal. This motion is filed in the alternative to Cardinal's concurrently filed Rule 59 motion for a new trial.[1]

      If this Court does not grant Cardinal's motion for a new trial, once this Court resolves the pending post-trial motions, Cardinal respectfully asks the Court to include in its judgment the necessary findings to permit an immediate appeal under Rule 54(b). Cardinal's cross-claims for common-law and express indemnity against Co-Defendants Danny McGowan ("McGowan") and McElliotts Trucking, LLC ("McElliotts") are bifurcated and remain unresolved. Without express certification under Rule 54(b),

---

[1] On September 4, 2018, counsel for Cardinal inquired with counsel for Plaintiff as to whether Plaintiff would consent to certification pursuant to Rule 54. Counsel for Plaintiff declined, stating that he would respond accordingly after filing.

1

Cardinal may not seek an appeal of the jury verdict and related judgment until the remaining cross-claims have been adjudicated.

Plaintiff filed suit against McElliotts, McGowan and Cardinal on February 26, 2016. (ECF No. 1). Plaintiff's Complaint asserted various tort and personal injury claims against the Defendants. *Id.* In response, on March 29, 2016, Cardinal filed its Answer, and asserted a Cross-Claim for indemnification and/or contribution against McElliotts and McGowan. (ECF No. 12) The Court granted Cardinal leave to file a corrected Second Amended Cross-Claim on August 1, 2018. (ECF No. 201) Cardinal's Second Amended Cross-Claim asserts implied indemnity, express contractual indemnity and contribution claims against Co-Defendants, McGowan and McElliotts. The Court entered an order bifurcating Plaintiff's claims against Cardinal from Cardinal's cross-claims against Co-Defendants on August 7, 2018. (ECF No. 213) Trial then commenced on Plaintiff's claims against Cardinal, and a jury rendered a verdict on August 13, 2018. The Court entered a Judgment Order reflecting the jury's decision on August 14, 2018, (ECF No. 241), and authorized post-trial motions to be filed until September 4, 2018. Once the post-trial motions are resolved, unless this Court orders a new trial, Cardinal intends to seek an appeal of the Judgment Order.  However, Cardinal's cross-claims against Co-Defendants remain pending and unresolved.

Rule 54(b) provides that an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties "may be immediately appealed if the district court: (1) expressly directs entry of judgment as to those claims or parties; and (2) expressly determines that there is no just reason for delay." *Baird v. Palmer*, 114 F.3d 39, 42 (4th Cir. 1997); *see also Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2

F.3d 1331, 1335 (4th Cir. 1993). "The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." 10C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2654 (3d ed.).

Here, as to the first step, this Court has already shown its willingness to enter a judgment based on the outcome of the August 2018 trial. (ECF No. 241). And in fact, there are no barriers to entering a judgment that is "final in the sense that it is an ultimate disposition of an individual claim entered in the court of a multiple claims action." *Braswell Shipyards, Inc.*, 2 F.3d at 1335. All of Plaintiff's claims against Cardinal have been addressed.

As to the second step, there is "no just reason for delay." *Baird*, 114 F.3d at 42. Relevant factors this Court should consider include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010).

The only remaining claims in this case are those implied and express indemnity cross-claims asserted by Cardinal against Co-Defendants. The claims remaining do not appear closely intertwined with the adjudicated claims, such that this Court would need to be able to reconsider past rulings as part of future litigation. Moreover, because solely cross-claims remain, various outcomes on appeal of the jury verdict could heavily

3

influence the parties in litigating their cross-claims, including possibly eliminating the need to have those claims adjudicated at all if Cardinal's appeal succeeds. It does not appear to be in any of the parties' interests to litigate between Cardinal and its Co-Defendants before an appeal of the multi-million dollar verdict is taken. Particularly in light of this Court's bifurcation of this case into two separate parts, there is no just reason to delay appellate review of the resolution of the first part.

Therefore, Cardinal respectfully requests that if the Court declines to order a new trial, that it should enter a final judgment. That final judgment should state that there is no just reason for delay under Rule 54(b), and include why. *See Braswell Shipyards*, 2 F.3d at 1336 (calling it "crucial" that the district court state "clear and cogent findings of fact" on Rule 54(b) certifications either on the record or in its order). Thus, this Court should allow an immediate appeal.

                                                            **CARDINAL TRANSPORT, INC.**
                                                            **By Counsel**

*/s/ Bradley J. Schmalzer*
William J. Hanna (WV Bar #5518)
Christopher A. Brumley (WV State Bar #7697)
Bradley J. Schmalzer (WV State Bar #11144)
Flaherty Sensabaugh Bonasso PLLC
P.O. Box 3843
Charleston, WV 25338-3843
304-345-0200 phone
304-345-0260 fax
whanna@flahertylegal.com
cbrumley@flahertylegal.com
bschmalzer@flahertylegal.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

**RICHARD EDWARDS, JR.,**

       Plaintiff,

v.                                                                                          CASE NO. 3:16-cv-01879
                                                                                            Judge Robert C. Chambers

**McELLIOTTS TRUCKING, LLC;**
**DANNY McGOWAN, individually and as**
**an employee of McElliotts Trucking, LLC and/or**
**as agent of Cardinal Transport;**
**CARDINAL TRANSPORT, INC.;**

       Defendants.

## CERTIFICATE OF SERVICE

    I, Bradley J. Schmalzer, counsel for the defendant, do hereby certify that I served **CARDINAL TRANSPORT, INC.'S ALTERNATIVE MOTION FOR CERTIFICATION OF JUDGMENT AS FINAL AND APPEALABLE** upon the following counsel of record this 4th day of September 2018 via the CM/ECF system:

Richard Weston, Esq.
Connor D. Robertson, Esq.
Weston Law Office
337 Fifth Avenue
Huntington, WV 25701
*Counsel for Plaintiff*

Christopher D. Pence, Esq.
Charles F. Bellomy, Esq.
Hardy Pence PLLC
P.O. Box 2548
Charleston, WV 25329
*Counsel for McElliotts Trucking,*
*Danny McGowan and Harold Midkiff*

                /s/ Bradley J. Schmalzer
                Bradley J. Schmalzer (WV Bar #11144)