IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**RICHARD EDWARDS, JR.,**

    **PLAINTIFF,**

V.

           **CIVIL ACTION NO.: 3:16-cv-01879**
           **Judge Robert C. Chambers**

**McELLIOTTS TRUCKING, LLC;**
**DANNY McGOWAN, individually and as**
**an employee of McElliotts Tucking, LLC and/or**
**as agent of Cardinal Transport;**
**CARDINAL TRANSPORT, INC.;**
**HAROLD MIDKIFF, individually and/or as agent driver of**
**McElliotts Trucking, LLC and/or as agent driver of**
**Cardinal Transport, Inc.,**

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO CARDINAL TRANSPORT, INC.'S MOTION TO STAY JUDGMENT**

Now comes the Plaintiff, Richard Edwards, Jr., by counsel, and files this Response in Opposition to Cardinal Transport, Inc.'s Motion to Stay Judgment and states that Cardinal's Motion for Stay should be denied for three (3) reasons: (1) Cardinal's Motion for Stay fails to address the four (4) factors outlined in *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) which are considered with respect to staying a case pending appeal; (2) Cardinal's proposed supersedeas bond is insufficient; and (3) Cardinal failed to preserve and therefore waived its right to file a Rules 50 and 59 post-trial motions because Cardinal did not raise a pre-verdict Motion for Judgment as a Matter of Law attacking the negligence or vicarious liability claims submitted to the jury.

I. **Cardinal's Motion for Stay Fails to Address the *Hilton* Factors.**

"The factors generally considered with respect to a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interests lies." *Daugherty v. Ocwen Loan Servicing, LLC,* 220 F.Supp.3d 728, 731 (S.D. W.Va., 2016) citing *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed. 724 (1987).

Cardinal's Motion for Stay fails to address any one of the above-listed factors. This was the exact scenario in the *Daugherty* case. In *Daugherty* the jury returned a verdict in favor of the Plaintiff. *Id.* at 729-30. The Defendant filed a Motion to Stay Execution of Judgment pursuant to Rule 62(d) of the Federal Rules of Civil Procedure as Cardinal has done in this case. In denying the Defendant's Motion, the Court, *in part*, referenced the Defendant's failure to "establish that any of the *Hilton* factors [] fall in its favor." *Id.* 731. As stated above, not only has Cardinal failed to establish any one of the *Hilton* factors, it did not address them at all. For this reason, Cardinal's Motion should be Denied.

II. **Cardinal's Supersedeas Bond is Insufficient.**

Rule 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond.... The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d); *see also Alexander v. Chesapeake, Potomac & tidewater Books, Inc.,* 190 F.R.D. 190, (E.D. Va. 1999) ("Rule 62(d), by its terms, says no more than that an appellant may obtain a stay as a matter of right by posting such a bond."). As things currently stand, Cardinal's supersedeas bond in insufficient to provide a stay as a matter of right. First, although Cardinal has filed a document

called "Appeal Bond" (ECF 246-1), Cardinal has not deposited a check into the clerk's office as required. Second, the amount proposed by the "Appeal Bond" of $5,456,634.25 is insufficient to protect the Plaintiff.

As to the first issue, Cardinal has not delivered a check to the Court's Clerk in any amount of money to protect the Plaintiff. "To be entitled to a stay pending appeal, the Defendant must post an appropriate supersedeas bond with the Court by filing the appropriate documents ***and delivering a check to the Clerk's office for the full amount of the award, including the cost of attorney's fees awarded to the Plaintiff, to be accepted by the Clerk on the Court's authorization and placed in an interest-bearing account***. *Daughetry, supra* at 730. **(*Emphasis added*)**. Without proper posting of a check with the Clerk, the Plaintiff is in no way protected during any subsequent stay. Just like in *Daughetry*, the Plaintiff would be relying on the representations of payment, which does not preserve the status quo.

As to the second issue, Cardinal's proposed $5,456,634.25 is likewise insufficient to protect the Plaintiff's recovery. The verdict alone was for $5,415,811.94. (ECF 240). This amount does not factor in the Plaintiff's prejudgment interest of $244,256.63 (ECF 245), Plaintiff's Bill of Cost $6,066.26 (ECF 244) or Plaintiff's post-interest judgment award 28 U.S.C. §1961 and subsequent appeal cost. Although the Court has discretion to lower the bond or accept a lower bond, requiring the full amount of the bond is more appropriate. "Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. *Booksellers Ass'n v. McMaster,* 233 F.R.D. 456, 459, (D.S.C. 2006) quoting *Fed. Prescription*

*serv., Inc. v. Am. Pharmaceutical Assoc.,* 636 F.2d 755, 760-1 (D.C. Cir. 1980). The insufficiency of the proposed bond is reason alone to deny the stay.

Further, Plaintiff's counsel asks the Court, should it ultimately approve a bond amount, to require the Defendant post the amount in cash. Cardinal's position towards this case has been one of ultimate refusal to resolve this matter from the get go. Based on information and belief, Cardinal and its insurer are at odds as to who is ultimately responsible for paying the judgment which will likely be the topic of further litigation, and which ultimately makes payment to the plaintiff far less likely if full bond is not required. This problem is compounded by Cardinal's continued position that the McElliotts Defendants must pay indemnity. Undersigned counsel has been assured throughout this litigation by Cardinal and its representatives that any verdict would be appealed regardless of the merits and that Plaintiff would have to wait out his verdict. The only way to ensure Plaintiff's protection of the judgment given to him by the jury is to require Cardinal to deposit a full and adequate bond in cash.

III. **Cardinal's Waived its Right to File a Rule 50 Post-Trial Motion.**

Cardinal ask the Court to issue a stay so that it can file post-trial motions pursuant to Rule 50 and 59 of the Federal Rules of Procedure. As far as a motion pursuant to Rule 50, Cardinal has waived its right to ask for the Court to issue judgment as a matter of law. Therefore, no stay is necessary to wait out a Rule 50 motion.

"Under Rule 50, a party must make a Rule 50(a) motion for judgment as a matter of law before a case is submitted to the jury." *EEOC v. Go Daddy Software, Inc.,* 581 F.3d 951, 961 (9th Cir. 2009). "Failure to file a Rule 50(a) motion precludes consideration of Rule 50(b) motion for judgment as a matter of law." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009). As explicitly stated in the Rule, a Rule 50(b) motion may be considered only if a Rule

50(a) motion for judgment as a matter of law has been previously made. Further, the advisory committee notes to Rule 50 explicitly emphasized this requirement in the 1963 amendments: "A motion for judgment notwithstanding the verdict *will not lie unless it was preceded by a motion for a directed verdict* made at the close of all the evidence." Fed.R.Civ.P. 50 advisory committee's note on 1963 amendments (emphasis added). Later, the notes to the 1991 amendments reiterated this requirement. "This provision retains the concept of the former rule that the post-verdict motion is a renewal of an earlier motion made at the close of the evidence.... A post-trial motion for judgment can be granted **only on grounds advanced in the pre-verdict motion**." Fed.R.Civ.P. 50 advisory committee's note on 1991 amendments. (**emphasis added**). The Rule itself, as well as these amendments, explicitly require a previous motion to be made before submission to the jury." *Id.*

The standard is no different in the Fourth Circuit. In *Ihnken v. Jenkins* (4th Cir. 2017) the Plaintiff Ihnken moved pursuant to Rule 50(b) for a judgment as a matter of law after the jury had reached its verdict which was denied by the district court. *Id.* at pg. 7. Upon appeal to the Fourth Circuit, Ihnken argued the District Court erred in denying his motion for judgment as a matter of law. *Id.* at 8. In response, the Fourth Circuit Court of Appeals stated that Ihnken's "failure to move for directed verdict pursuant to Federal Rule 50(a) before the court submitted the case to the jury fatally undermines his argument." *Id.* at 10. As a result, the Appeals Court was "substantially foreclosed from reviewing the sufficiency of the evidence." *Id.* at 10 citing (*Bristol Steel & Iron Works v. Bethlehem Steel Corp.,* 41 F.3d 182, 186 (4th Cir. 1994).

It is clear that Cardinal waived its right to assert a Rule 50(b) motion post-verdict where it did not address the claims that went to the jury, negligence and vicarious liability, pre-verdict. The only pre-verdict motions addressed at the close of plaintiff's evidence by Cardinal were concerning

1) punitive damages; 2) plaintiff's claim for negligent entrustment, and 3) plaintiff's claims for negligent retention, supervision and training. All of these Motions were granted by the Court immediately after argument. After granting Cardinal's Motions, the Court appropriately identified the only remaining issue before it was the issue of vicarious liability. The Court stated as follows:

> "The only issue remaining for the jury would be the extent to which, if at all, Cardinal would be vicariously liable for the conduct of McGowan slash McElliotts. But that is truly based upon vicarious liability, not based upon negligent conduct on the part of Cardinal. So I grant the motion. To the extent there are negligence claims remaining against Cardinal, they're all dismissed. To the extent there's a punitive damage claim against Cardinal, it's dismissed." (ECF 252 TT Vol. 3, pg. 528.)

After highlighting the fact the only issue remaining was one of vicarious liability, the Court then asked Cardinal if there was anything else it need to take up - Cardinal's counsel answered, "No, Your Honor. Thank you." *Id.* Therefore, it is definitive that Cardinal did not make any motion that could be construed as a Rule 50(a) Motion for Judgment Notwithstanding the Verdict concerning any aspect of vicarious liability, thus it cannot not make a Rule 50(b) Motion now. As stated above, "a 50(b) motion may only be made as a renewal of a motion previously made ***on the same grounds under Rule 50(a).***" *Nichols v. Ashland Hosp. Corp.,* 251 F.3d 496, 501 n1. (4th Cir. 2001).

In sum, Cardinal needs no Stay to file Rule 50 Motion because it already waived its right to do so.

**IV. Cardinal's Rule 59 Motion for New Trial is Also Waived.**

A Rule 50 Motion for Judgment Notwithstanding the Verdict is substantially intertwined with a Rule 59 Motion for New Trial. Rule 50(b) states:

> 50(b) RENEWING THE MOTION AFTER TRIAL; ALTERNATIVE MOTION FOR NEW TRIAL: If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment – or if the motion

> addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged – the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Cardinal's failure to raise a Rule 50(a) Motion likewise precludes it from asking for a New Trial pursuant to Rule 59 challenging the evidence. Admittedly, Cardinal is not likely precluded from filing a Rule 59 motion on newly discovered evidence or some other after the verdict cause, but anything challenging the evidence is waived.

This was the exact issue before the Court in *Nichols v. Ashland Hosp. Corp.,* 251 F.3d 496 (4th Cir. 2001) as well as the *Ihnken* case cited above. In *Nichols* the Defendant failed to move the Court for a Rule 50(a) pre-verdict motion for judgment as a matter of law challenging the evidence. *Id.* at 501. Nevertheless, the Defendant moved for a Rule 59 motion for new trial challenging jury's verdict as being against the clear weight of the evidence. *Id.* at 501. The Court stated a "motion for new trial does not create the avenue for searching review that its failure to move for judgment as a matter of law foreclosed . . . . Were it otherwise, a party could open the door to review via Rule 59, even though its prior failure closed the same door via Rule 50. In reviewing the evidence through the medium of a motion for new trial after failure to move for judgment as a matter of law we do not review "sufficiency" in its technical sense. What is at issue is whether there was an absolute absence to support the jury's verdict." *Id.* at 502. As discussed above, this was also the result in the *Ihnken* case. For his third ground of appeal, Ihnken challenged the district court's denial of his alternative Motion for New Trial. The Appeals Court similarly concluded that Ihnken's failure to move for a Rule 50(a) Motion deemed his post-trial Motion for a New Trial "effectively a nullity, since a Rule 50(b) motion may only be made as a renewal of a motion previously made on the same grounds under Rule 50(a)." *Nichols v. Ashland Corp.,* 251 F.3d 496, 501 n.1 (4th Cir. 2001).

Based on clearly established Fourth Circuit law on the issue, Cardinal's reliance on Rule 59 to support its stay of execution is insufficient to overcome the Plaintiff's need to execute on the judgement. Thus, Defendant's request for Stay should be denied.

WHEREFORE, the Plaintiff respectfully request that this Court enter an order denying Cardinal's Motion for Stay and for such other relief as is necessary.

RICHARD EDWARDS, JR.

BY COUNSEL

S://  *Connor Robertson*
Connor Robertson (11460)
WESTON | ROBERTSON
336 5th Avenue
Huntington, WV 25701
(304) 522-4100
(304) 250-3000 (f)
cdr@westrob.com

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

RICHARD EDWARDS, JR.,

        Plaintiff,

v.                                                  Civil Action No. 3:16-1879

MCELLIOTTS TRUCKING, LLC;
DANNY MCGOWAN, individually and as
an employee of McElliotts Trucking, LLC and/or
as agent of Cardinal Transport;
CARDINAL TRANSPORT, INC;

        Defendants.

## CERTIFICATE OF SERVICE

    I, Connor D. Robertson, certify that I electronically filed *Plaintiff's Response in Opposition to Cardinal Transport, Inc.'s Motion for Stay Judgment* with the court using CM/ECF system which will send notification to counsel of record:

| | |
|---|---|
| Christopher Pence, Esq.<br>Charles Bellomy, Esq.<br>Hardy Pence, PLLC<br>P.O. Box 2548<br>Charleston, WV 25329 | Daniel Schuda, Esq.<br>Anspach Law<br>P.O. Box 11866<br>Charleston, WV 25339 |
| Christopher Brumley, Esq.<br>Bradley Schmalzer, Esq.<br>Flaherty Sensabaugh Bonasso PLLC<br>P.O. Box 3843<br>Charleston, WV 2533 | /s/ Connor Robertson<br>Richard W. Weston (WVSB #9734)<br>Connor Robertson (WVSB #11460)<br>WESTON \| ROBERTSON<br>337 Fifth Avenue<br>Huntington, West Virginia 25701<br>Phone: (304) 522-4100 |