IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**RICHARD EDWARDS, JR.,**

        **Plaintiff,**

v.                                                                                          CASE NO. 3:16-cv-01879
                                                                                            Judge Robert C. Chambers

**McELLIOTTS TRUCKING, LLC;**
**DANNY McGOWAN, individually and as**
**an employee of McElliotts Trucking, LLC and/or**
**as agent of Cardinal Transport;**
**CARDINAL TRANSPORT, INC.;**

        **Defendants.**

### CARDINAL TRANSPORT, INC.'S REPLY IN SUPPORT OF MOTION TO STAY JUDGMENT

Comes now the defendant, Cardinal Transport, Inc. ("Cardinal"), by counsel, and files this Reply in Support of its Motion to Stay, ECF No. 246. First, the amount of Cardinal's supersedeas bond is sufficient. Second, this Court should not require a cash payment; under Rule 62 the bond itself suffices. Third, neither the *Hilton* factors nor any waiver issues under Rule 50 or Rule 59 are relevant here.

    **I.**     **Cardinal's supersedeas bond is sufficient.**

The jury entered a verdict of $5,415,811.94. (ECF No. 240). Because Plaintiff threatened to attempt execution, Cardinal obtained a supersedeas bond in the amount of $5,456,634.25—more than $40,000 above the judgment entered by this Court. (ECF No. 246-1, bond reflecting a surety of The Hanover Insurance Co.).

Plaintiff argues that this number is insufficient because it ignores his prejudgment interest motion filed the same day the bond was executed (August 27). (ECF No. 261 at

3). Plaintiff has never stated what he thinks the final, correct judgment or bond amount *should be.*

Currently there are pending motions: (1) to offset the judgment by $485,000, the value Plaintiff obtained in his settlement with McGowan/McElliott's (ECF No. 257); and (2) to award pre-judgment interest of either $244,256.63 (Plaintiff's position, ECF No. 245) or $48,617.49 (Cardinal's position, ECF No. 256). Even if the verdict stands, the judgment should be no higher than $4,985,495.69 (that is, the jury verdict of $5,415,811.94 minus offset of $485,000, plus prejudgment interest of $48,617.49, plus costs of $6,066.26). Thus, Cardinal's bond of more than $5.45 million is enough to protect the status quo from now through the duration of any appeal.

Regardless, if this Court believes that the existing supersedeas bond is insufficient, Cardinal respectfully asks for a reasonable time in which to secure an adequate bond. Its quick action to secure the existing $5.45 million bond within 14 days of the judgment shows good faith and an intent properly to bond the judgment during its potential appeal.

**II.     This Court should not require a cash payment.**

Plaintiff also asks this Court to reject *any* bond in favor of requiring a cash payment into the Court. (ECF No. 261 at 3-4). Neither Rule 62 nor case law support this argument.

First, as Plaintiff acknowledges, "Rule 62(d), by its terms, says . . . that an appellant may obtain a stay as a matter of right by posting such a bond." *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va. 1999); *id.* ("A judgment debtor wishing to appeal a judgment is entitled to a stay of the judgment if the debtor provides a supersedeas bond.").

Upon this Court's acceptance of a proper supersedeas bond under Rule 62, Cardinal is entitled to a stay as a matter of right through the duration of any appeal. *E.g., Am. Mfrs. Mut. Ins. Cor. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (Harlan, J.) (order granting a stay) ("It seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)."). Plaintiff does not argue against this rule. And Cardinal has bonded more than the current amount of judgment, and hereby expresses a willingness to bond a higher amount if necessary.

Second, Plaintiff's sole authority for requiring a cash payment does not support it. (ECF No. 261 at 2, citing *Daugherty v. Ocwen Loan Servicing, LLC*, 220 F. Supp. 3d 728, 730 (S.D.W.Va. 2016)). In *Daugherty*, the defendant tried to use its own parent corporation as a surety for its bond. *See* 5:14-cv-24506, at ECF 248-1 (S.D.W.Va. Nov. 10, 2016). In response, the plaintiff submitted evidence from trial that the surety parent had lost $102 million in a recent business quarter, and expressed concern that a bankruptcy would leave it unprotected. *Id.* at ECF 255 (Nov. 18, 2016). The *Daugherty* court acknowledged that an "appropriate supersedeas bond" would entitle defendant to a stay "as a matter of right," but held that "fil[ing] a document . . . stating that the defendant's parent company will cover the full amount of damages . . . . is not an acceptable supersedeas bond." 220 F. Supp. 3d at 730. Only under these circumstances did the court require a cash payment to the clerk. *Id.*

Those facts share nothing in common with the facts here. Cardinal has properly used The Hanover Insurance Company, an independent third party, as a surety for its

bond. (ECF No. 246-1). Plaintiff makes no suggestion of insolvency by The Hanover Insurance Company.

Ultimately, even in *Daugherty* the defendant never paid cash into the court. Instead, it obtained a proper bond from an independent insurance company, just as Cardinal has already done here. *See* 5:14-cv-24506, at ECF No. 263 (supersedeas bond from Atlantic Specialty Insurance Co.). The defendant then sought and received a stay from the Fourth Circuit. *Daugherty*, 4th Cir. No. 16-2243, ECF No. 17-1 (motion for stay); ECF No. 24 (order granting a stay). As the *Daugherty* defendant pointed out, the purpose of a supersedeas bond is to preserve the status quo *without requiring* a party to pay the judgment up front.

Third, Plaintiff's arguments about the remaining cross-claims or any disputes among defendants or insurers about ultimate responsibility for the judgment are irrelevant. The purpose of an appeal bond is to add a stable surety to ensure that Plaintiff will receive his judgment if affirmed on appeal. The bond here achieves this.

### III. Neither the *Hilton* factors nor the Rule 50/59 arguments matter on this issue.

Plaintiff points out that Cardinal has made no argument under the *Hilton* factors. (ECF No. 261 at 2). The *Hilton* factors, however, apply only when the district court exercises its discretion to consider a stay *without a full bond*. *Se. Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 458 (D.S.C. 2006) (collecting cases and noting one court's use of the *Hilton* factors to aid in exercising its inherent discretion over stays); *Daugherty*, 220 F. Supp. 3d at 730 (discussing the *Hilton* factors as part of its "discretion to grant a stay with a reduced bond if appropriate"); *Alexander*, 190 F.R.D. at 192 (observing that Rule 62 provides for a stay as a matter of right with an approved bond, but that the district

court has inherent power to consider other factors if it wants to grant a stay without an approved appeal bond); *E.I. DuPont de Nemours and Co. v. Kolon Industries*, 2012 WL 1202485 (E.D. Va. Apr. 10. 2012) (addressing the *Hilton* factors at length in deciding whether to grant a stay *in the absence of any bond* for a $920 million judgment).

Here, Cardinal requests a stay under Rule 62(b) and 62(d). The *Hilton* factors are irrelevant to whether this Court should approve the appeal bond Cardinal submitted, pending post-trial motions and a possible eventual appeal.

Next, Plaintiff argues at some length that Cardinal waived its right to file both Rule 50 and Rule 59 post-trial motions. (ECF No. 261 at 4-8). As an initial matter, whether certain post-trial motions addressing the merits of the case are proper does not affect the sufficiency of an appeal bond under Rule 62. Regardless of everything Plaintiff says in the second half of his Opposition, the supersedeas bond is sufficient *through the potential eventual appeal* and this Court should accept it.[1] Also, other post-trial motions that relate directly to the proper amount of the judgment remain pending, and Cardinal asks for an opportunity to secure a different sum of bond if the Court determines that is necessary.

As a final matter, Cardinal did not waive its right to file a Rule 59 motion. As Wright & Miller point out, a Rule 59 motion is proper even absent a motion for judgment as a matter of law. Wright & Miller, 9B Fed. Prac. & Proc. Civ. § 2537 (3d ed.)) ("[I]f the verdict winner's evidence was insufficient as a matter of law but no motion for judgment as a matter of law was made . . . the district court . . . can set aside the verdict and order a new trial."); *S.E.C. v. Goldstone*, 233 F. Supp. 3d 1169, 1197 (D.N.M. 2017) ("Even if no rule 50(a) motion was made . . . the court is nevertheless permitted to entertain a rule 59

---

[1] Cardinal did not any Rule 50 post-trial motions, so any argument that Cardinal waived such a motion during trial is moot.

motion for a new trial on the basis that the verdict was based on a quantum of evidence that is insufficient as a matter of law.").

Plaintiff's focus on Fourth Circuit cases has nothing to do with whether a Rule 59 motion is proper in this Court. The *Ihnken* and *Nichols* cases address the Fourth Circuit's appellate standard of review for decisions denying Rule 59 motions. Those cases do not say a party cannot seek a new trial in the district court.

## Conclusion

For these reasons, Cardinal respectfully asks this Court to approve its supersedeas bond filed at ECF No. 246-1 and thus grant a stay of execution of the judgment pending any appeal in this case.


**CARDINAL TRANSPORT, INC.**
**By Counsel**


*/s/ William J. Hanna*
William J. Hanna (WV Bar #5518)
Christopher A. Brumley (WV State Bar #7697)
Bradley J. Schmalzer (WV State Bar #11144)
Flaherty Sensabaugh Bonasso PLLC
P.O. Box 3843
Charleston, WV 25338-3843
304-345-0200 phone
304-345-0260 fax
whanna@flahertylegal.com
cbrumley@flahertylegal.com
bschmalzer@flahertylegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**RICHARD EDWARDS, JR.,**

        **Plaintiff,**

v.                                         **CASE NO. 3:16-cv-01879**
                                                        **Judge Robert C. Chambers**

**McELLIOTTS TRUCKING, LLC;**
**DANNY McGOWAN, individually and as**
**an employee of McElliotts Trucking, LLC and/or**
**as agent of Cardinal Transport;**
**CARDINAL TRANSPORT, INC.;**

        **Defendants.**

## CERTIFICATE OF SERVICE

I, William J. Hanna, counsel for the defendant, do hereby certify that I served **CARDINAL TRANSPORT, INC.'S REPLY** upon the following counsel of record this 7th day of September 2018 via the CM/ECF system:

        Richard Weston, Esq.
        Connor D. Robertson, Esq.
        Weston Law Office
        337 Fifth Avenue
        Huntington, WV 25701
        *Counsel for Plaintiff*

        Christopher D. Pence, Esq.
        Charles F. Bellomy, Esq.
        Hardy Pence PLLC
        P.O. Box 2548
        Charleston, WV  25329
        *Counsel for McElliotts Trucking,*
        *Danny McGowan and Harold Midkiff*

                      */s/ William J. Hanna*
                      William J. Hanna (WV Bar #5518)